IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM N. LUCY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0415-WS-C |
| | ) |
| WALTER MORTGAGE CO., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel (doc. 9). In his Motion, plaintiff William N. Lucy, who is proceeding *pro se*, maintains that the Clerk of Court has violated his constitutional rights to due process and equal protection of the law by failing and refusing to issue summonses in this case. On that basis, Lucy requests that this Court order the Clerk to issue those summonses at this time and further requests imposition of sanctions against the Clerk for these purported constitutional deprivations.

Plaintiff fundamentally misapprehends the law on this point. It is certainly true that Rule 4(b), Fed.R.Civ.P., obligates the Clerk of Court to issue a properly completed summons presented by the plaintiff "[o]n or after filing the complaint." *Id.* However, it is a bedrock principle of civil practice in federal courts that for Rule 4 purposes "[a] complaint is deemed filed upon payment of the filing fee." *Herrick v. Collins*, 914 F.2d 228, 230 (11th Cir. 1990); *Grissom v. Scott*, 934 F.2d 656, 657 (5th Cir. 1991) ("A complaint is considered filed when the filing fee (if one is required) is paid."). Where, as here, a motion for *in forma pauperis* status is submitted with the complaint, "it is proper for a district court to deem a complaint filed only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court." *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *see also Moore v. Miller*, 1997 WL 269595, *9 (N.D. Ill. May 12, 1997) ("Where a plaintiff is proceeding *in forma pauperis*, the complaint is not deemed filed for purposes of Rule 4 until leave is granted, since only then may summons be issued."). Lucy has not paid the

requisite $350 filing fee and has not been granted *in forma pauperis* status;[1] therefore, his Complaint is not deemed "filed" for Rule 4(b) purposes and the Clerk of Court may not properly issue the summonses at this time.

Simply put, federal courts "will ordinarily refuse to allow the litigation to proceed beyond the filing of a complaint until the fee is paid or a motion to proceed *in forma pauperis* is approved." *McDowell v. Lugo-Janer*, 2007 WL 4557178, *1 (M.D. Fla. Dec. 20, 2007); *see also Bookman v. Shubzda*, 945 F. Supp. 999, 1003 (N.D. Tex. 1996) ("If *in forma pauperis* status is granted, a summons is then issued."). Neither of those conditions having been satisfied here, it would be improper for the Clerk of Court to issue summonses for Lucy at this time. By refusing plaintiff's entreaties to issue summonses on his behalf, the Clerk of Court has been following the law, not violating it. Therefore, the Motion to Compel (doc. 9) is **denied**. To avoid any further confusion about the matter, the Court expressly **directs** the Clerk of Court to refrain from issuing any summonses to Lucy in this matter unless and until either (a) he pays the requisite filing fee in full, or (b) his pending request for *in forma pauperis* status in this litigation is approved.

DONE and ORDERED this 29th day of September, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] In that respect, the Court notes that on September 23, 2008, Magistrate Judge Cassady entered a Report and Recommendation (doc. 8) recommending that Lucy's petition for *in forma pauperis* status be denied.